**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUJA PATEL, MD AS LINDSAY J. ATTORNEY'S-IN-FACT,<br><br>    Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY   and   NATIONAL   IAM BENEFIT TRUST FUND,<br><br>    Defendants. | Civil Action No. 24-04646 (JXN) (JBC)<br><br>**OPINION** |

**NEALS**, District Judge:

Plaintiff's one count Amended Complaint ("Am. Compl.") asserts a claim for improper denial of benefits pursuant to Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. (ECF No. 11). Before the Court is Defendant National IAM Benefit Trust Fund's ("IAMBTF" or "Defendant") motion to dismiss Plaintiff Dr. Suja Patel's, M.D. ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3). (ECF No. 12). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendant's motion is **GRANTED**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On March 1, 2024, Plaintiff filed the initial complaint in state court, asserting various state law causes of action for the Defendants' alleged underpayment of out-of-network medical services rendered by Plaintiff and Dr. Rajnik Raab ("Dr. Raab"), to Lindsay J., a participant in the

IAMBTF's medical plan ("Plan") administered by Cigna Health and Life Insurance Company. ("Cigna") (ECF No. 1-1).

On April 8, 2024, IAMBTF removed the case with Cigna's consent. (ECF No. 1).

On May 14, 2024, IAMBTF submitted a pre-motion letter to the Court, arguing preemption of Plaintiff's asserted state law causes of action under ERISA, improper venue in the District of New Jersey (D.N.J.), and dismissal of the action is appropriate or, in the alternative, transfer to the District of Columbia (D.D.C.) (ECF No. 8). On May 21, 2024, Plaintiff submitted a response letter proposing to amend the Complaint as an ERISA action and arguing that venue was proper in the D.N.J. (ECF No. 9). On May 22, 2024, the Court entered a text order providing Plaintiff ten days to amend its Complaint and providing IAMBTF ten days thereafter to file its motion. (ECF No. 10).

On May 31, 2024, Plaintiff filed the Amended Complaint asserting a sole cause of action under ERISA § 502(a)(1)(B). (ECF No. 11). According to the Amended Complaint, Lindsay J., underwent an anterior surgical cervical discectomy and fusion at C5-C6. (Am. Compl. ¶ 13). The Amended Complaint alleges, that the cervical discectomy and spinal fusion performed by Plaintiff and Dr. Raab qualifies as a covered medical procedure pursuant to the terms of the Summary Plan Description ("SPD"). (*Id.* at ¶ 15). Plaintiff and Dr. Raab submitted separate bills to the Plan for the services rendered, each for a sum of $105,420.00. (*Id.* at ¶¶ 16, 19 (citing Exs. D, F)). Defendants paid Plaintiff $37,493.95 and Dr. Raab $1,516.30, resulting in an alleged underpayment of $73,845.20. (*Id.* at ¶¶ 17-18, 20-21). The medical providers appealed Defendants' determination. (*Id.* at ¶ 26). Plaintiff alleges that Defendants underpayment violated the terms of the Plan's SPD. (*Id.* at ¶¶ 22-25 (citing Ex. C)). Plaintiff further alleges that Defendants' continued

refusal to pay the remainder of Plaintiff and Dr. Raab's bills breached the terms of the Plan, giving rise to its cause of action under ERISA § 502(a)(1)(B). (*Id.* at ¶¶ 28-30, 32-35).

On June 10, 2024, Defendant filed a motion to dismiss Plaintiff's Amended Complaint. ("Def.'s Br.") (ECF No. 12). On July 22, 2024, Plaintiff opposed. ("Pl.'s Br.") (ECF No. 17). On July 30, 2024, Defendant replied. ("Def.'s Rep. Br.") (ECF No. 19). This matter is now ripe for consideration.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a district court may dismiss an action for improper venue. *See* Fed. R. Civ. P. 12(b)(3). The burden to show improper venue is on the moving party. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724–25 (3d Cir. 1982). In ruling on a Rule 12(b)(3) motion, courts "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." *Bockman v. First Am. Marketing Corp.*, 459 Fed. App'x 158 n. 1 (3d Cir. 2012) (citation omitted). "The Federal Rules of Civil Procedure do not contain any specific venue provisions or requirements. The Court must determine whether venue is proper in accordance with the appropriate statutes when deciding a motion to dismiss for improper venue." *Plastic Surgery Ctr. v. Blue Cross Blue Shield of Mich.*, No. 13-02536, 2013 WL 5773120, at *1 (D.N.J. Oct. 23, 2013).

## III.    DISCUSSION

Defendant argues under ERISA's venue provision, venue is improper in New Jersey because the Plan is predominately administered in Washington, D.C, and partially handled in Chattanooga, Tennessee; and the alleged breach occurred in Washington, D.C., and Defendants neither reside or "may be found" in New Jersey. (Def.'s Br. at 4). Defendant further argues that the action should be dismissed because the interest of justice does not favor transfer. (*Id.* at 4, 9-10).

Defendant asserts that if the Court decides dismissal inappropriate, proper venue is in the District Court for the District of Columbia ("D.D.C.") and the action should be transferred there. (*Id.* at 4, 10-13).

Plaintiff argues venue is proper in New Jersey because the breach occurred in New Jersey and IAMBTF "may be found" in New Jersey. (Pl.'s Br. at 2), and opposes transfer as improper. (*Id.* at 8-9).

Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), provides:

> When an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2). The Court addresses each basis for venue, in turn.

**A. The Plan is Administered in Washington, D.C.**

ERISA plans are considered to be administered where the plans are managed under a plain and ordinary meaning of the term "administer." *Plastic Surgery Ctr.*, 2013 WL 5773120, at *2 (citing *Tyson v. Pitney Bowes Long–Term Disability Plan*, No. 07–3105, 2007 WL 4365332 (D.N.J. 2007) (considered the daily administration of a plan and maintenance of plan records in deciding where the plan was administered)). For example, in *Tyson*, where an ERISA plan's daily administration occurred in Connecticut, its records were maintained in Connecticut, all but one of the plan's committee members worked in Connecticut, and the committee held its meetings in Connecticut, the Court held that the plan was administered in Connecticut and not New Jersey. *Tyson*, 2007 WL 4365332, at *3.

Here, the Plan is administered in Washington, D.C., as the SPD that Plaintiff attached to the Amended Complaint demonstrates. (*See* Am. Compl. Ex. C at 4, 105, designating Fund's Board

4

of Trustees as the legal Plan Administrator and explaining that "day to day administration of the Plan" is handled by the Fund Office located in Washington, D.C.; 80, 88, listing Fund's Board of Trustees' address in Washington, D.C.).

## B. Any Alleged Breach Occurred in Washington, D.C.

"Courts in this District have found that, when presented with a claim for improper denial of benefits under ERISA, the relevant inquiry for venue purposes will be 'where the breach took place, *i.e.*, *where the decision to deny benefits occurred.*'" *Schwartz v. Employee Benefit Mgmt. Sys.*, No. 17-656, 2017 WL 2119446, at *2 (D.N.J. May 16, 2017) (emphasis added) (citing *Plastic Surgery Ctr.*, 2013 WL 5773120, at *3 (citing *Tyson*, 2007 WL 4365332, at *3).[1]

Plaintiff's claim arises from Cigna's partial denial of the reimbursement claim. (Am. Compl. ¶¶ 17-21). Since the Plan is predominantly administered in Washington, D.C., the decision to partially deny reimbursement occurred there. Thus, any alleged breach occurred in Washington, D.C. *See Univ. Spine Ctr. v. Anthem Blue Cross & Blue Shield*, No. 17-08676, 2018 WL 2947858, at *3 (D.N.J. June 12, 2018) ("Because the Plan is administered in Ohio, the determination not to reimburse Plaintiff in the full amount requested occurred in Ohio, and therefore any alleged breach of the Plan also occurred in Ohio."); *Schwartz*, 2017 WL 2119446, at *2 (Given that the Plan is administered in Montana, the decision to partially deny reimbursement occurred in Montana. Any alleged breach therefore took place in Montana . . . .")[2]; *Tyson*, 2007 WL 4365332, at *3 (finding the breach occurred in Connecticut where decision to terminate plaintiff's benefits, headquarters, and amendment of plan all occurred there).

---

[1] One court in this District found that when the alleged breach is based on an improper denial of benefits, the breach "has its situs in the place where the *participants* work or live." *Moore v. St. Paul Companies, Inc.*, No. 94–1329, 1995 WL 11187, at *8 (D.N.J. Jan. 3, 1995) (emphasis added). One additional court followed *Moore's* breach analysis where the plaintiff lived in Tennessee and transferred the action to the Eastern District of Tennessee. *See Gonce v. Prudential Ins. Co. of Am.*, No. 18-08692, 2018 WL 5631170, at *2 (D.N.J. October 31, 2018).
[2] Plaintiff cites *Schwartz* in support of its breach position, (Opp. Br. at 3), but this reliance is misplaced. *See Schwartz*, 2017 WL 2119446, at *2.

## C. IAMBTF Cannot "Be Found" in New Jersey

The Plan resides in Washington, D.C.—where it is headquartered and administered. *Schwartz*, 2017 WL 2119446, at *2 (Noting "[t]he parties appear to agree that Montana is . . . where Defendant resides . . . ."); *Tyson*, 2007 WL 4365332, at *2 (noting without discussion that "no named Defendants reside [in New Jersey]").

The "may be found" prong of ERISA venue has been compared to the minimum contacts test for personal jurisdiction. *See, e.g.*, *Tyson*, 2007 WL 4365332, at *3–4 (citation omitted); *Moore*, 1995 WL 11187, at *2.

IAMBTF does not meet the minimum contacts test for personal jurisdiction, it merely services plan participants who reside in the state and administers health plans rendered in the state. Such contacts have been found insufficient to "be found" in New Jersey.[3] *Univ. Spine Ctr.*, 2018 WL 2947858, at *3 (holding that venue is improper in New Jersey over plaintiff's contention "that Defendant 'may be found' in New Jersey because 'Defendant maintained minimum contacts with New Jersey, by administering health plans rendered in this state'"); *Tyson*, 2007 WL 4365332, at *4 ("The mere payment of benefits under an ERISA plan to participants in a district does not, in and of itself, warrant the exercise of jurisdiction over a plan where the plan does not maintain offices or conduct business in that district . . . . An employee benefit plan does not conduct business in a district for purposes of the ERISA venue provisions merely because some plan participants reside in that district.").[4]

---

[3] While Plaintiff contends IAMBTF is "a Nationwide Trust that provides health benefit plans to over 200 employers in over 160 employer locations Nationwide" and that IAMBTF "do[es] business with at least four (4) businesses in this state" (Pl.'s Br. at 6-7), such contacts in the ERISA context have been deemed insufficient. *See, e.g.*, *Univ. Spine Ctr.*, 2018 WL 2947858, at *3. Additionally, Plaintiff contends *Tyson* is distinguishable (Pl.'s Br. at &), but the citations Plaintiff relies on are cited by the *Tyson* court for the proposition that "[a]n employee benefit plan does not conduct business in a district for purposes of the ERISA venue provisions merely because some plan participants reside in that district[,]" *Tyson*, 2007 WL 4365332, at *4—a proposition Plaintiff disagrees with.

[4] The Court notes Cigna has not filed an answer in this matter, joined IAMBTF's motion or filed a responsive brief. Consequently, the Court does not engage in minimum contacts analysis as to Cigna. However, the Court notes Cigna

Additionally, under minimum contacts analysis, "an individual's contract with an out-of-state party . . . [cannot] automatically establish sufficient minimum contacts in the other party's home forum . . . ." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985).

Thus, IAMBTF did not purposefully avail itself in New Jersey.

**D.  Dismissal is Appropriate**

While 28 U.S.C. § 1406(a) allows a district court the alternative of transferring the case to a proper venue, this option is only appropriate "if it be in the interest of justice." Several factors disfavor transfer here. First, the statute of limitations has not run in the proper venue. *See Walker v. Pharmaceutical Research & Mfrs.*, 439 F. Supp. 2d 103, 107 (D.D.C. 2006) (noting a three-year statute of limitations for ERISA § 502 actions in the D.D.C.); *see also Am. Fin. Res., Inc. v. Smouse*, No. 17-12019, 2018 WL 6839570, at *5 (D.N.J. Dec. 31, 2018) ("The 'interest of justice' requirement ordinarily will be satisfied if the statute of limitations has expired subsequent to the time of the original filing, so that transfer, rather than dismissal, will preserve the plaintiff's cause of action.") (quoting 17 Moore's Federal Practice § 111.52); *Rinaldi v. FCA US LLC*, No. 22-00886, 2022 WL 17340667, at *7 (D.N.J. Nov. 30, 2022) (same). Second, the parties have not engaged in discovery, which also weighs against transfer at this juncture. *See Rinaldi*, 2022 WL 17340667, at *7 ("[T]he Court notes that the parties have not engaged in discovery or significant briefing at this time, limiting potential additional time and expense.").

Accordingly, the Court dismisses the Complaint without prejudice to Plaintiff to pursue her claims in the United States District Court for the District of Columbia. *See Schwartz*, 2017 WL

---

is incorporated in Delaware and headquartered in Connecticut. (Def.'s Br. at 7). Thus, Cigna does not reside in New Jersey. *See, e.g., Huff-Berry v. Royal Caribbean Cruises Ltd.*, No. 19-7946, 2020 WL 502492, at *2 (D.N.J. Jan. 31, 2020) ("A corporation resides in both its state of incorporation and the state 'where it has its principal place of business.'") (quoting 28 U.S.C. § 1332(c)(1)) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 90–93 (2010)). Additionally, given the Court's finding that venue is improper in New Jersey, should Plaintiff or Cigna believe Cigna satisfies minimum contacts, and thus, that venue as to Cigna is proper in New Jersey, that party should advise the Court accordingly.

2119446, at *2 n.4 (dismissing action for improper venue and declining to transfer); *see also Bockman v. First Am. Mktg. Corp.*, 459 Fed.Appx. 157, 162 n.11 (3d Cir. 2012) (affirming dismissal for improper venue because Plaintiffs failed to identify "any injustice that would result from dismissal as opposed to transfer"); *Howmedica Osteonics Corp. v. DJO Glob., Inc.*, 2017 WL 1136671, at *3 (D.N.J. Mar. 27, 2017) ("A district court has broad discretion in determining whether to dismiss or transfer a case due to improper venue.") (citing *Konica Minolta, Inc. v. ICR Co.*, 2015 WL 9308252, at *5 (D.N.J. Dec. 22, 2015).

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED**, and Plaintiff's Amended Complaint (ECF No. 11) is **DISMISSED without prejudice**. An appropriate Order accompanies this Opinion.

DATED: March 19, 2025

JULIEN XAVIER NEALS
United States District Judge